IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02325-RPM

AVIS YI,

    Plaintiff,
v.

CITY AND COUNTY OF DENVER,

    Defendant.
_____

ORDER GRANTING SUMMARY JUDGMENT
_____

After considering the papers filed in support and opposition to the defendant's motion for summary judgment, filed August 12, 2011, the following statement of facts is not disputed.

Avis Yi was employed by the City and County of Denver as a probation officer in the Denver County Court, beginning in October, 2004. The terms and conditions of her employment were described in the Denver County Court Employees Handbook, providing, *inter alia*, that sexual harassment was to be reported to her supervisors.

On April 4, 2006, Ms. Yi reported that a male probation officer had touched her in an inappropriate manner. The report was made to her supervisor, Deanna Maes, Eric Garcia-Gillespie and Gail Jackson. Ms. Yi also reported the incident to Suzanne Razook, Human Resources Manager.

Ms. Razook issued a written reprimand for misconduct to the offending probation officer on July 26, 2006, and he was required to attend sensitivity training and counseling. Ms. Yi was notified in October, 2006.

On April 11, 2007, Ms. Yi filed a complaint about the April 4, 2006, incident with the Career Service Authority, saying that she had been forced to continue to work with the offender even after requesting transfer.

On September 4, 2007, the Court Administrator for the County Court gave Ms. Yi a written memo informing her that a human resources specialist from the Career Service Authority investigated the complaint, substantiating the allegation of the April 4, 2006, incident but denying the allegation that the disciplinary action taken was ineffective and that performance evaluation ratings and criticisms were retaliatory.

On August 5, 2008, Ms. Yi filed a charge of discrimination with the Colorado Civil Rights Division and the EEOC, alleging an inadequate investigation and retaliatory actions by her supervisors. She also alleged discrimination based on her sex, her race ("Korean/Hispanic") and age (56).

On October 22, 2008, Ms. Yi was given her annual performance evaluation by Deanna Maes and an improvement plan with specific requirements was signed by Ms. Yi and Ms. Maes on October 28, 2008.

A progress review by Ms. Maes in September, 2008, resulted in another needs improvement rating in October, 2008. On October 31, 2008, Ms. Yi was given a written reprimand by the chief probation officer, Erik Garcia-Gillespie, detailing facts and circumstances alleged to be misconduct with a notice that she may initiate a grievance and seek mediation under Career Service Rule 18, Dispute Resolution.

On November 7, 2008, Ms. Yi received official notification that disciplinary action was being contemplated. A second letter delivered to Ms. Yi on November 18, 2008, signed by Deanna Maes, gave an eleven page summary of the reasons for the

proposed actions and scheduled a pre-disciplinary meeting for 10:00 a.m. on November 26, 2008.

On November 24, 2008, Ms. Yi submitted a letter of resignation.

On September 21, 2010, Avis Yi filed this civil action alleging unfair evaluations of her work and false allegations of misconduct in retaliation for her EEOC complaint, resulting in a constructive discharge.

Given the proximity between the EEOC charge in August and the evaluation and reprimand in October, a retaliatory motive may be inferred but the defendant has provided detailed support for a legitimate business reason for its adverse employment actions. While Ms. Yi disputes the accuracy of the allegations of poor performance and misconduct, her failure to appear at the scheduled pre-disciplinary hearing and explain her position justifies a finding that the defendant acted in good faith without any retaliatory motive.

That failure to appear also defeats her claim that her resignation was involuntary, amounting to a constructive discharge. There is nothing presented to show that the plaintiff's working conditions became so difficult that a reasonable person in her position would feel compelled to resign. Given the long delay between the offensive conduct of a co-worker and the EEOC charge, there is a strong suggestion that Ms. Yi filed that charge in anticipation of the possibility of losing her job because of her poor performance.

Upon the foregoing, it is

ORDERED, that the defendant's motion for summary judgment is granted and the Clerk shall enter judgment for the defendant, City and County of Denver, dismissing this civil action and awarding costs.

DATED: October 11, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge